STATE, Respondent, v. DOLL, Appellant.

(184 N. W. 239.)

(File No. 4873.  Opinion filed September 2, 1921.)

**Criminal Law—Conviction for Manslaughter, Sentence to Penitentiary Imprisonment and Fine, Whether Fine Imposable—Statute Construed.**

Defendant was convicted of manslaughter in second degree, and sentenced to penitentiary imprisonment for four years and to pay a $1000 fine.  **Held,** under Code 1919, Sec. 4031, providing that every person guilty of manslaughter in second degree is punishable by imprisonment in penitentiary not more than four years, * * * or by imprisonment in county jail * * * or by a fine not exceeding $1000, or by both such fine and imprisonment, that the fine was properly imposable in connection with the penitentiary sentence, notwithstanding the word "such" in the statute was inserted by Code Commission of 1919 for the first time; that the insertion of said word did not change the law, it having been at all times the legislative intent that the fine might be coupled with either the penitentiary sentence or the county jail sentence.

Whiting, J., not sitting.

Appeal from Circuit Court, Pennington County.  Hon. WALTER G. MISER, Judge.

The defendant, Charles Doll, was convicted of the crime of manslaughter in the second degree, and he appeals from judgment thereon and from sentence to penitentiary imprisonment and the imposition of a fine.  Affirmed.

*Robert C. Hayes,* and *John T. Heffron,* for Appellant.

*Byron S. Payne,* Attorney General, and *E. R. Winans,* Assistant Attorney General, for Respondent.

Appellant cited: U. S. v. Santisevan, 1 N. M. 583.

GATES, J. Defendant was convicted of the crime of manslaughter in the second degree, and was sentenced to imprisonment in the penitentiary for the period of four years and to pay a fine of $1,000. He appeals from the judgment and asks that it be modified by striking out the fine. Section 4031, Rev. Code 1919, reads as follows:

"Every person guilty of manslaughter in the second degree is punishable by imprisonment in the state penitentiary not more than four years, and not less than two years, or by imprisonment in a county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or by both such fine and imprisonment."

It is the contention of appellant that the imposition of a fine may only be coupled with a county jail sentence, and not with a penitentiary sentence. The basis of his argument is the change made by the code commission of 1919 in inserting the word "such" in the clause "or by both such fine and imprisonment." Beginning with Penal Code of Dakota 1864-65, § 259, and in Penal Code 1877, § 261, Comp. L. 1887, § 6461, and in Rev. Pen. Code 1903, § 265, the word "such" was omitted, although it was contained in the draft of the Field Penal Code proposed by the New York commissioners in December, 1864, which was adopted by the Dakota Legislative Assembly on January 11, 1865.

To our minds there has been no change in the law by the insertion of said word "such." It has at all times been the legislative intent that the fine might be coupled with either the penitentiary sentence or the county jail sentence. Such is clearly the legal as well as the grammatical construction of the section.

The judgment is affirmed.

WHITING, J., not sitting.